# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NUMBER 6:13-CR-00114-JDK-JDL** |
| **SETH MICHAEL GAMBLIN (3)** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 16, 2019, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Seth Michael Gamblin. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 50 Grams but less than 200 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class B felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. On October 15, 2014, District Judge Leonard Davis sentenced Defendant to 60 months imprisonment followed by five years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On June 30, 2017, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was prohibited from using any controlled substance. In Allegation 1 of its petition, the government alleges Defendant violated the conditions of his supervised release when he tested positive for methamphetamine on

September 27, 2018, December 11, 2018, March 5, 2019, and June 18, 2019. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using methamphetamine on September 27, 2018, December 11, 2018, March 5, 2019, and June 18, 2019, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 14 months imprisonment, with no supervised release to follow, and credit for time served since September 2, 2019.

The Court therefore **RECOMMENDS** that Defendant Seth Michael Gamblin's plea of true be accepted and he be sentenced to a term of 14 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant's sentence reflect time served since September 2, 2019. The Court further **RECOMMENDS** that Defendant serve his sentence at FMC Carswell, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 16th day of December, 2019.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE